| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | Order Filed on December 15, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Friedman Vartolo LLP<br>1325 Franklin Avenue – suite 160<br>Garden City, New York 11530<br>bankruptcy@friedmanvartolo.com<br>T: (212) 471-5100<br>F: (212) 471-5150<br>Attorneys for Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 BKM-TT | Case No.: 20-15687-ABA<br><br>Chapter: 13<br><br>Hon. Judge: Andrew B. Altenburg Jr.<br><br>Hearing Date: November 8, 2022, at 10:00AM |
| In Re:<br><br>Frederick H. Richmond aka Frederick Harris Richmond<br>Michelle Lee Richmond aka Michelle L Richmond<br><br>Debtors | |

### CONSENT ORDER RESOLVING MOTION TO VACATE STAY

The consent order set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: December 15, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

| | |
|---|---|
| Applicant: | Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 BKM-TT |
| Applicant's Counsel: | Friedman Vartolo LLP |
| Debtor's Counsel: | Law Offices of Seymour Wasserstrum |
| Property (Collateral): | 18 John`s Way, Bridgeton, NJ 08302 |

Relief Sought:
- Relief from Automatic Stay

For good cause shown, it is **ORDERED** that Applicant's Motion is resolved, subject to the following conditions:

1. Status of post-petition arrearages:

    ☒ The Debtor(s) is/are overdue for **2** months, from **09/01/2022** to **10/01/2022**

    ☒ The Debtor(s) is/are overdue for **5** cure payments

    ☒ The Debtor(s) is/are overdue for **2** payments at **$1,792.76** per month

    ☒ The Debtor(s) is/are overdue for **5** cure payments at **$1,040.16** per month

    ☐ The Debtor(s) is/are due for **$0.00** in accrued late charges.

    ☒ The Debtor(s) is/are due for **$200.00** in attorney's fees and costs.

    ☒ Applicant acknowledges suspense funds in the amount of **$607.42**

    Total Arrearages Due: **$8,378.90**

2. Debtor(s) must cure all post-petition arrearages, as follows:

    ☐ Immediate payment shall be made in the amount of _____. Payment shall be made no later than _____.

    ☒ Beginning on **November 1, 2022**, regular monthly mortgage payments shall continue to be made in the amount of **$1,792.76**.

    ☒ Beginning on **November 15, 2022**, through and including **February 15, 2023**, additional monthly cure payments shall be made in the amount of **$1,800.00** for **4** months; and beginning on **March 15, 2023**, an additional monthly cure payment shall be made in the amount of **$1,178.90** for **1** month.

    ☐ The amount of **$**_____ shall be capitalized in the debtor's Chapter 13 plan. Said amount shall be set up on Trustee's ledger as a separate Claim. Debtor(s) shall file a Modified Plan within 10 days from the entry of this Order to account for the additional

arrears to be paid to the secured creditor via Chapter 13 Plan and to adjust monthly payments to the Chapter 13 Trustee accordingly.

3. Payments to the Secured Creditor shall be made to the following address:

   Payments:   Rushmore Loan Management Services
               P.O. Box 52708
               Irvine, CA 92619-2708

4. In the event of default:

☒ Should the Debtor(s) fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor(s), and Debtor('s) attorney and the court shall enter an Order granting relief from the Automatic Stay.

☒ In the event the Debtor(s) converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor(s) fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor(s), and Debtor('s) attorney and the court shall enter an Order granting relief from the Automatic Stay.

☒ This agreed order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor(s), and Debtor('s) attorney and the court shall enter an Order granting relief from the Automatic Stay

5. Award of Attorney's Fees:

The Applicant is awarded attorney's fees of **$200.00**.

    The fees and costs are payable:

- ☒ Attorney's fees and costs have been included in the Consent Order.
- ☐ Through the Chapter 13 plan. The fees/costs shall be set up as a separate claim to be paid by the Standing Trustee and shall be paid as an administrative claim.
- ☐ To the Secured Creditor within _____ days
- ☐ Attorney's fees are not awarded.
- ☐ Movant reserves its right to file a Post-Petition Fee Notice for fees and costs incurred in connection with the Motion for Relief.

The undersigned hereby consent to the form and entry of the foregoing order.

_____  
Seymour Wasserstrum, Esq.  
*Attorney for Debtor*

/s/ Jonathan Schwalb, Esq.  
Jonathan Schwalb, Esq.  
*Attorney for Secured Creditor*